**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

Geraldine Q. Almerico,  )
)
)
Plaintiff,  )
)
v.  )      No.
)
Valentine & Kebartas, Inc., a  )   **1 : 10-cv- 0623 RLY-JMS**
Massachusetts corporation,  )
)
Defendant.  )      Jury Demanded

**10 MAY 19  PM 4: 02**

**COMPLAINT**

Plaintiff, Geraldine Q. Almerico, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt

collection actions violate the FDCPA, and to recover damages for Defendant's violation

of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.     Venue is proper in this District because: a) Plaintiff resides here; b) the

acts and transactions occurred here; and, c) Defendant resides and transacts business

here.

**PARTIES**

3.     Plaintiff, Geraldine Q. Almerico ("Almerico"), is a citizen of the State of

Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to

collect a delinquent consumer debt for a credit card account.

4.    Defendant, Valentine & Kebartas, Inc. ("Valentine"), is a Massachusetts corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Valentine was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.    Defendant Valentine is licensed to conduct business in the State of Indiana and maintains a registered agent in Indianapolis, Indiana.

## FACTUAL ALLEGATIONS

6.    Defendant Valentine sent a form collection letter to Ms. Almerico, dated March 5, 2010, demanding payment of the debt she owed for a delinquent credit card. The letter was sent to her former address in Louisiana, but was forwarded to her current address in Indiana by the United States Postal Service.

7.    Defendant Valentine's letter stated that the "Original Creditor" was "Resurgent Capital Services LP".

8.    Ms. Almerico has never had a credit card account with Resurgent. Moreover, Ms. Almerico has never had an account that was subsequently owed to Resurgent. A copy of this collection letter is attached as Exhibit A.

9.    All of Defendant Valentine's collection actions at issue in this matter occurred within one year of the date of this Complaint.

10.    Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

2

## Violation Of § 1692e Of The FDCPA -
## Making False, Deceptive Or Misleading Statements

11.     Section 1692e of the FDCPA prohibits Defendant from making any false, deceptive or misleading statements in connection with the collection of any debt, see, 15 U.S.C. § 1692e of the FDCPA.

12.     Defendant's form collection letter falsely states that Resurgent Capital Services was the "Original Creditor", when, in fact, Resurgent was neither the original creditor, nor ever a creditor, of Ms. Almerico. In fact, Resurgent is another collection agency, which placed the debt with Defendant Valentine on behalf of a debt scavenger – likely LVNV Funding. Thus, Defendant Valentine's statement as to the identity of the original creditor was false, deceptive or misleading in violation of § 1692e of the FDCPA.

13.     Defendant Valentine's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Geraldine Q. Almerico, prays that this Court:

1.     Find that Defendant's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Almerico, and against Defendant Valentine, for statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Geraldine Q. Almerico, demands trial by jury.

3

Geraldine Q. Almerico

By:

One of Plaintiff's Attorneys

Dated:  May 19, 2010

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert      (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com

4